UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

|  |  |
|---|---|
| IN RE: | Case No. 09-90630 |
|  | Chapter 11 |
| SUMMITT LOGISTICS & BROKERAGE, LLC, et al. | Judge Basil H. Lorch III |
| Debtors | Jointly Administered |
|  |  |
| Summitt Logistics & Brokerage, LLC; Summitt Trucking, LLC; Tractor Leasing, LLC; Trailer Leasing, LLC; and the Official Committee of Unsecured Creditors of Summitt Logistics & Brokerage, LLC, et al. |  |
| Plaintiffs | Adv. Pro. No. 11-_____ |
| v. |  |
| Clayton Weaver Trucking, LLC Attn: Cynamon T. Trokhan 300 High St., Ste. 704 P.O. Box 747 Hamilton, OH 45012 |  |
| Defendant |  |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

Plaintiffs, Summit Logistics & Brokerage, LLC ("Summitt Logistics"), Summitt Trucking, LLC ("Summitt Trucking"), Tractor Leasing, LLC ("Tractor Leasing"), Trailer Leasing, LLC ("Trailer Leasing", together with Summitt Logistics, Summitt Trucking, and Tractor Leasing, the "Debtors", and each a "Debtor"), and the Official Committee of Unsecured Creditors of the Debtors (the "Committee", together with the Debtors, the "Plaintiffs"), by their

counsel, pursuant to sections 502, 544, 547, and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for their Complaint to Avoid and Recover Preferential Transfers (this "Complaint") against Clayton Weaver Trucking, LLC (the "Defendant"), hereby states and alleges:

## BACKGROUND

1.  On March 2, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana (this "Court"). The Debtors' chapter 11 cases are being jointly administered in Case No. 09-90630 in this Court.

2.  As of the Petition Date, the Debtors' primary place of business was Clarksville, Indiana.

3.  On February 28, 2011, this Court entered the Order Approving Agreed Entry Allowing the Official Committee of Unsecured Creditors Standing to Assert Certain Claims on Behalf of the Debtors' Estates (the "Approval Order") [DE #753]. Among other things, the Approval Order authorizes the Committee to prosecute the claims in this Complaint.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 7001(1) of the Bankruptcy Rules.

5.  This Court has jurisdiction over the Defendant by virtue of the Defendant's conducting business in the United States.

6.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F), and (O).

2

7.     Venue is proper in this district and this Court pursuant to 28 U.S.C. § 1409.

8.     This adversary proceeding is commenced pursuant to sections 502, 544, 547, and 550 of the Bankruptcy Code and Rule 7001(1) of the Bankruptcy Rules.

## **COUNT I**

9.     The Plaintiffs restate and incorporate herein by reference each and every averment contained in the preceding paragraphs of this Complaint.

10.    During the ninety (90) days prior to the Petition Date, one or more of the Debtors made transfers totaling $10,800.00 (collectively, the "Transfers") to or for the benefit of the Defendant.  The Transfers and each of the Debtors who made each of the Transfers are identified on <u>Exhibit A</u> attached to this Complaint and incorporated herein by reference.

11.    The Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, as a creditor of a Debtor who made the Transfers pursuant to section 550(a)(1) of the Bankruptcy Code.

12.    Each of the Transfers was made from an account of the Debtors, was an interest of the Debtors in property, and the Transfers diminished the value of the Debtors' chapter 11 bankruptcy estates by an amount equal to the total amount of the Transfers.

13.    Each of the Transfers made to the Defendant was for or on account of an antecedent debt owed by a Debtor who was indebted to the Defendant for goods or services provided by the Defendant in an amount not less than each of the Transfers to the Defendant before such transfer was made.

14.    The Debtors were insolvent when the Transfers were made to the Defendant.

15.    Based upon the summary of assets and liabilities contained in the schedules filed by each of the Debtors in their respective chapter 11 bankruptcy cases, the Transfers made to the

3

Defendant enabled the Defendant to receive more than the Defendant would have received if the Debtors' chapter 11 bankruptcy cases were cases under chapter 7 of the Bankruptcy Code, had each of the Transfers not been made, and the Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

16. The Transfers are avoidable pursuant to section 547(b) of the Bankruptcy Code.

17. The Plaintiffs may recover the Transfers from the Defendant pursuant to section 550(a)(1) of the Bankruptcy Code.

18. The Plaintiffs are entitled to judgment against the Defendant (a) declaring that the Transfers are avoidable preferences pursuant to section 547 of the Bankruptcy Code, (b) ordering the Defendant to pay the total amount of the Transfers, plus interest, to the Plaintiffs, and (c) awarding the Plaintiffs their reasonable costs and attorneys' fees incurred in the prosecution of this Complaint.

## COUNT II

19. The Plaintiffs restate and incorporate herein by reference each and every averment contained in the preceding paragraphs of this Complaint.

20. Pursuant to section 502(d) of the Bankruptcy Code and based on the foregoing, the Plaintiffs hereby objects to any and all claims asserted by the Defendant against the Debtors' estates.

21. The Plaintiffs are entitled to judgment against the Defendant disallowing any and all claims asserted by the Defendant against the Debtors' estates until and unless the Defendant has paid to the Plaintiffs all amounts due on Count I of this Complaint pursuant to section 502(d) of the Bankruptcy Code.

**WHEREFORE**, the Plaintiffs respectfully request that this Court enter judgment against the Defendant:

(a) declaring that the Transfers are avoidable preferences pursuant to section 547 of the Bankruptcy Code;

(b) ordering the Defendant to pay the total amount of the Transfers to the Plaintiffs, plus prejudgment and postjudgment interest to the fullest extent permitted by law and/or equity, pursuant to section 550 of the Bankruptcy Code;

(c) disallowing any and all claims asserted by the Defendant against the Debtors' estates until and unless the Defendant has paid to the Plaintiffs all amounts due on Count I of this Complaint pursuant to section 502(d) of the Bankruptcy Code;

(d) awarding the Plaintiffs their reasonable costs and attorneys' fees incurred in the prosecution of this Complaint; and

(e) awarding the Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAKER & DANIELS LLP

/s/ Terry E. Hall
Terry E. Hall
Dustin R. DeNeal
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
terry.hall@bakerd.com
dustin.deneal@bakerd.com
317-237-0300

*Attorneys for Debtors*

and

FROST BROWN TODD LLC

/s/ Jennifer Ann O'Guinn
Edward M. King
400 W. Market Street, 32nd Floor
Louisville, KY  40202
tking@fbtlaw.com
502-589-5400

and

Jennifer Ann O'Guinn
2200 PNC Center
201 E. 5th St.
Cincinnati, OH 45202
joguinn@fbtlaw.com
513-651-6842

*Attorneys for Committee*

# EXHIBIT A

| Debtor Transferor | Check Number | Transferee | Check Date | Amount | Clear Date |
|---|---|---|---|---|---|
| Summitt Logistics | 9098 | CLAYTON WEAVER TRUCK LLC | 2/17/2009 | $400.00 | 2/23/2009 |
| Summitt Logistics | 9049 | CLAYTON WEAVER TRUCKING, LLC | 12/24/2008 | $2,675.00 | 1/2/2009 |
| Summitt Logistics | 9067 | CLAYTON WEAVER TRUCKING, LLC | 1/13/2009 | $7,175.00 | 1/26/2009 |
| Summitt Logistics | 9097 | CLAYTON WEAVER TRUCKING, LLC | 2/17/2009 | $550.00 | 2/23/2009 |
|  |  |  |  | $10,800.00 |  |

LEXLibrary TMP . TMP   446887v1